JiCOOKS, Judge.
The employer in this worker’s compensation suit appeals an adverse judgment. For the following reasons, we affirm.
FACTS
Claimant, Darrell Nash, was injured on April 17, 1993 in the course and scope of his employment with Premium Products of Louisiana, Inc. (Premium). Nash subsequently filed a worker’s compensation claim against Premium. A settlement was reached on all issues except the characterization of a weekly $80 payment.
After Nash began working for Premium, he used his personal track and equipment while at work. Nash told Albert Chauvin, Jr., the owner of Premium, he needed to be compensated for the wear and tear of his track and equipment. Chauvin tried to reimburse Nash for the use of his track and tools on a mileage basis but this method was time consuming and paper driven. Eventually Chauvin and Nash agreed | gupon a weekly $80 payment as compensation.
After Nash was injured, a dispute arose over whether the $80 payments should be considered part of Nash’s average weekly wage. Premium argued the payments should not be considered wages because they were not additional compensation for his labor. Premium asserted the payment was a return on capital, i.e., the rental of Nash’s track and equipment. The hearing officer *44 concluded the $80 payment should be included in the calculation of Nash’s average weekly wage. The hearing officer noted Premium paid Nash for the use of his truck and equipment, but this payment resulted in a reduction of Nash’s hourly wage. The hearing officer also stated the $80 payments were inextricably tied to Nash’s labor because the payments ceased after his injury although Premium had possession, and presumably use, of Nash’s truck and equipment. Premium appeals.
DISCUSSION
Premium argues the hearing officer erred in finding Nash’s weekly $80 payments were wages. La.R.S. 23:1021(10) defines “wages” as the average weekly wage at the time of the accident. Generally, wages refer to the amount earned by the employee through his own labor rather than enterprise profits or income from equipment rental. France v. A & M Wood Co., 566 So.2d 106 (La.App 2 Cir.1990); Herrin v. Georgia Cas. & Sur. Co., 414 So.2d 1323 (La.App. 2 Cir. 1982); Malone & Johnson, Worker’s Compensation § 327 (1994). Premium claims the payments were a return on Nash’s capital, his truck and tools, rather than his labor; and therefore, the payments should not be considered wages.
The appropriate standard for appellate review is the “manifest error-elearly wrong” standard, which precludes the setting aside of a trial court or jury’s findings of fact unless those findings are clearly wrong in light of the record reviewed |gin its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Chauvin testified Nash was paid $80 per week as reimbursement for the expenses associated with the use of his truck and equipment. Nash testified he considered the payments part of his weekly wage. He told Chauvin he could not continue working for him and using his personal truck and equipment unless his wages were increased.
Although Premium was compensating Nash for the use of his truck and equipment, the payments were associated with his wages. When the payments began, Nash’s hourly wage decreased. Moreover, after Nash was injured, Premium retained possession of Nash’s truck and equipment but discontinued the payments. These factors are consistent with Nash’s claim that the $80 was part of his wages. Therefore, the hearing officer was not clearly wrong in concluding the $80 payments should be included in the calculation of Nash’s average weekly wage.
CONCLUSION
For the foregoing reasons, the hearing officer’s judgment is affirmed. Costs are assessed to Premium.
AFFIRMED.
WOODARD, J., dissents and assigns reasons.